## CARTER v. JENKINS. (No. 1883)

(Court of Civil Appeals of Texas. El Paso. March 18, 1926. Rehearing Denied April 8, 1926.)

1. **Appeal and error** ⟬⟭527(2)—**Findings filed more than 10 days after close of trial term are not properly part of record on appeal, and cannot be considered for any purpose (Rev. St. 1911, art. 2075.)**

Under Rev. St. 1911, art. 2075, additional findings and conclusions, filed by trial court more than ten days after close of term, are not properly part of record on appeal, and cannot be considered for any purpose.

2. **Appeal and error** ⟬⟭544(1)—**Assignments as to additional findings and conclusions cannot be considered on their merits by appellate court, where there are no bills of exceptions on record to any action of court.**

There being no bills of exceptions in record on appeal to any action of trial court, appellate court cannot consider on their merits, assignments, and propositions relating to additional findings and conclusions.

3. **Appeal and error** ⟬⟭704(2)—**Where additional findings cannot be considered on appeal because filed more than ten days after close of trial term, judgment must be sustained, if evidence sustains original findings.**

Where additional findings and conclusions cannot be considered on appeal because filed more than 10 days after close of term, judgment must be sustained, if evidence sustains original findings of trial court.

4. **Master and servant** ⟬⟭80(5)—**Variance between alleged contract and testimony as to wages held not fatal.**

In action to recover on contract for services as tool dresser, and driller, where substance of contract alleged was an express promise to pay $10 per day, variance, if any, in plaintiff's testimony that agreement was to pay $4 as work progressed on well, and balance when well completed, but that, if well was not a producer, remaining $6 was to be paid anyway, was not fatal; no surprise being claimed or appearing.

Appeal from Eastland County Court at Law; T. J. Cunningham, Judge.

Action by John Jenkins against Barney Carter. Judgment for plaintiff, and defendant appeals. Affirmed.

G. W. Dunaway, of Ranger, for appellant. J. D. Barker, of Cisco, for appellee.

HIGGINS, J. Jenkins sued Carter, alleging that he worked for the latter 120 days as tool dresser and driller under an agreement that Carter would pay him $10 per day for his services; that he had been paid $480; and asked judgment for $720. The defendant answered by a general demurrer and general denial. Upon trial without a jury the plaintiff recovered judgment for the amount sued for, with interest.

Upon request of defendant the court filed findings of fact and conclusions of law. The findings were in very general terms, and, in substance, were that the plaintiff had worked for defendant 120 days under an agreement as alleged, and had been paid $480, leaving a balance due of $720, upon which it was concluded the plaintiff was entitled to recover the full amount sued for. Upon request of appellant additional findings and conclusions were filed. These amplified the findings and conclusions theretofore filed.

[1] The additional findings were filed more than ten days after the close of the term. They are, therefore, not properly a part of the record, and cannot be considered for any purpose. Article 2075, R. S. 1911; Averill v. Wierhauser (Tex. Civ. App.) 175 S. W. 794; State v. Pease (Tex. Civ. App.) 147 S. W. 649.

[2] No error is assigned to the failure of the court to file same within the time prescribed by law, nor is there any bill of exception thereto. There are no bills of exception in the record to any action of the court. In this condition of the record we cannot consider upon their merits those assignments and propositions which relate to the additional findings and conclusions. If it were permissible to do so, we think they present no error, but, in the state of the record, there is no occasion to state the grounds of this conclusion.

[3, 4] If the evidence sustains the original findings of the trial court, the judgment must be sustained. This the evidence does. If

there was any variance between the contract alleged and the one proven, it related not to the substance, and was immaterial; no surprise being alleged, and it is clear there was none. The substance of the contract alleged was an express promise to pay $10 per day. This was shown by the appellee's testimony. Appellant's construction of that testimony is that the agreement shown was to pay $10 per day; $4 as the work progressed on the well, and the balance when completed out of the oil, if it was a producer. It is undisputed the well was not a producer, and appellee testified that in such contingency appellant agreed to pay the remaining $6 anyway. Appellee, upon this view of the testimony, shows an express agreement to pay $10 per day, and thus proved the substance of the contract as alleged. The variance, adopting appellant's theory of appellee's testimony, was, therefore, not fatal; no surprise being claimed or appearing.

Affirmed.